IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES M. BROADHEAD, ) | |
| AIS #224802, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-240-WHA |
| ) | |
| RONALD CAVANAUGH, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by James M. Broadhead, a frequent federal litigant who is presently incarcerated at the Donaldson Correctional Facility. In the instant complaint, Broadhead alleges that sometime prior to filing this cause of action while confined at the Bullock Correctional Facility officials at such facility used excessive force against him. Doc. 1 at 2–4.[1] Specifically, Broadhead alleges that while he was in handcuffs correctional personnel at Bullock struck him with a knight stick, sprayed him with mace and stomped/kicked him then "took [him] outside in the hot sun [where] it was like 95 degrees but felt like 1000% degrees." Doc. 1 at 3.[2]

---

[1] It appears from the recitation of facts set forth in the complaint that the force about which Broadhead complains occurred, at the latest, during the summer of 2018.

[2] A review of the records of this court demonstrate that this is the most recent of twelve complaints filed by Broadhead in which he seeks to challenge this alleged instance of force. The factual allegations in these complaints are virtually identical with only changes in the individuals named as defendants.

## II.  DISCUSSION

Upon initiating this case, Broadhead did not pay the $350.00 filing fee and attendant $50 administrative fee nor did he file an application for leave to proceed *in forma pauperis*. In cases with these deficiencies, the usual practice of this court is to enter an order advising the plaintiff that he must pay the full filing fee and concomitant administrative fee or submit an application to proceed *in forma pauperis*.  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." [3] Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Federal court records establish that Broadhead, while incarcerated or detained, has on at least four occasions had civil actions dismissed pursuant to the provisions of 28

---

[3] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.), *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

U.S.C. § 1915(e) as frivolous or malicious.  The actions on which this court relies in finding a § 1915(g) violation by Broadhead are as follows:  (1) *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012) (complaint malicious); (2) *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala. 2010) (complaint frivolous); (3) *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala. 2010) (complaint frivolous); and (4) *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala. 2010) (complaint frivolous).

Since Broadhead has in excess of three strikes, he may not proceed *in forma pauperis* in this case unless he demonstrates that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  "A plaintiff must provide the court with specific allegations of ***present imminent danger*** indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013)) (emphasis added); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (holding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts contained in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and

available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Upon review of the present complaint and since it addresses a use of force which occurred, at the latest, several months prior to his filing this complaint, the court finds that Broadhead has failed to demonstrate that he "is under imminent danger of serious physical injury" as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Consequently, even if Broadhead sought *in forma pauperis* status in the instant action, he is not entitled to such status due to his violation of the "three strikes" provision of 28 U.S.C. § 1915(g).

Based on the foregoing analysis, the court concludes that this case is due to be summarily dismissed without prejudice as Broadhead failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee [and now applicable administrative fee] at the time he ***initiates*** the suit.") (emphasis in original); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for the plaintiff's failure to pay the filing and administrative fees upon initiation of this case.  It is further

ORDERED that on or before **April 19, 2019** the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of April, 2019.

      /s/ Charles S. Coody
    UNITED STATES MAGISTRATE JUDGE